Arthur RASH and Shirley Rash, by Connie S. France,
Guardian Ad Litem *v.* Honorable Donald R. HUFFMAN

99-1062                                                    2 S.W.3d 71

Supreme Court of Arkansas
Opinion delivered October 21, 1999

*Connie S. France*, petitioner.

*Victoria K. Cochran-Morris*, for Jeffrey Rash.

*Kent Coxsey*, for Deborah (Rash) Jackson.

PER CURIAM. On September 13, 1999, the guardian ad litem, Connie S. France, for the two children in this matter, Arthur Rash, age 11, and Shirley Rash, age 10, filed a petition for writ of certiorari and stay and a motion to expedite our consideration of that petition. In her petition, the guardian urged that the chancellor hear the testimony of the children. She prayed that this court review the chancellor's orders and stop the return of the children to Colorado. Her petition contained the following history of the case. The natural parents of the children, Jeff Rash and Deborah Rash, now Jackson, were divorced in 1997 in Carroll County. Deborah was awarded custody of the children and now lives with her new husband, John Jackson, in Colorado. According to the petition, the children were visiting their natural father in Arkansas and made allegations that they feared for their safety if they were forced to return to the home of Deborah and John Jackson. On July 19, 1999, the chancellor placed them in the custody of the Department of Human Services.

On July 20, 1999, after a hearing with all parties present or represented, the chancellor ordered the return of the children to Colorado conditioned on the Arkansas DHS satisfying itself that the children will be safe upon their return to Colorado and that the return was in the best interests of the children. No testimony was taken at that hearing.

On September 10, 1999, the chancellor entered an order without a prior hearing conducted with parties present or represented. That order stated that the Arkansas DHS, after consulting with the Colorado DHS, had assured him that the children would be safe in Colorado and that allegations of harm or danger in the Colorado home were unsubstantiated. The chancellor ordered that the children be picked up for their return to Colorado on September 11 or 12, 1999.

In a petition for emergency custody filed on September 13, 1999, in Carroll County Chancery Court, Ms. France contended that the conveyance of the information about the children's safety by the Carroll County DHS supervisor to the chancellor was by an *ex parte* communication and without the knowledge of the DHS case worker assigned to the case or the DHS attorney or the petitioner.

By *per curiam* opinion dated September 16, 1999, we stayed the chancellor's September 10, 1999 order and granted the parties twenty days to respond to the guardian ad litem's petition for writ of certiorari. We further said that the stay did not bar the chancellor from conducting a hearing on this matter with all parties present to allow the parties and the children to be heard.

A response to the petition for writ of certiorari and stay has now been filed by Deborah Jackson. In her response, she contends that the chancellor did not act in excess of his jurisdiction and that certiorari does not lie and that the guardian ad litem has included "hearsay, opinion, and belief" in her petition based on matters outside the record that have never been presented to the chancellor. Jeff Rash also filed a response in this matter where he prayed that this court grant the writ of certiorari to the chancellor, review his orders, and stop the return of the children to Colorado. He further urged that a hearing be held before the chancellor with the partici-

pation of all parties, including the guardian ad litem for the children.

There is nothing to indicate in the record before us that the chancellor conducted such a hearing between the date of our original *per curiam* opinion and today's date. Accordingly, we treat the petition for certiorari filed by the guardian ad litem as a petition for mandamus and direct the chancellor to conduct a hearing on this matter forthwith for the purpose of taking testimony from the parties and the children. *See Lee v. McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992); *Commercial Printing Co. v. Lee*, 262 Ark. 87, 553 S.W.2d 270 (1977).

We further observe from our review of the transcript of the July 20, 1999 hearing that strong feelings were expressed by the chancellor with respect to the performance of the guardian ad litem, Ms. France. It may well be that in light of these feelings, the chancellor will want to consider recusal. *See City of Jacksonville v. Venhaus*, 302 Ark. 204, 788 S.W.2d 478 (1990); *Patterson v. R.T.*, 301 Ark. 400, 784 S.W.2d 777 (1990).

Writ of mandamus issued.